IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| WENDELL A. LEE #399488 (aka David C. Little-Hawk | § | |
| v. | § | CIVIL ACTION NO. 6:16cv1378 |
| CAPTAIN THOMAS ROGERS, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Wendell Lee, also known as David C. Little Hawk, a prisoner of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Lee alleges sexual assaults by unknown prison officials at the Skyview Unit, a TDCJ psychiatric facility, in December of 2015 and again in November of 2016. He concedes that he was sanctioned for abuse of the judicial process in 1991, but claims that his wife took care of the sanction in the amount of $100.00.

Lee also filed a separate motion for leave to file his lawsuit, as he is required to do because of the sanctions. In this motion, he states that he has not filed any civil actions in this Court since around 1991 and contends that his life is continually being threatened.

The Magistrate Judge observed that according to court records, Lee was sanctioned in 1989 by a requirement that he obtain permission to file any new civil action. He also received a sanction in the amount of $35.00 from this Court in a different case around the same time. In 1995, Lee was

sanctioned $100.00 by the Fifth Circuit Court of Appeals. *Little Hawk v. Scott*, slip op. no. 95-40349 (5th Cir., December 20, 1995). Despite Lee's contention that his wife took care of the Fifth Circuit sanction, court records show that neither of these monetary sanctions have been satisfied.

Although Lee claimed he has not filed any civil actions in this Court since 1991, the Magistrate Judge observed that Lee filed five lawsuits in the Eastern District of Texas between 1993 and 1995, as well as two more (including the present one) since 2016. Of the five lawsuits filed between 1993 and 1995, two were dismissed as frivolous and the appeal of a third was also dismissed as frivolous. The Magistrate Judge therefore concluded that Lee's lawsuit was barred by his non-payment of sanctions as well as by the three-strike provision of 28 U.S.C. §1915(g).

Lee received a copy of the Magistrate Judge's Report but filed no objections thereto; accordingly, he is barred from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has reviewed the pleadings in this cause and the Report of the Magistrate Judge. Upon such review, the Court has determined the Report of the Magistrate Judge is correct. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918, 109 S.Ct. 3243 (1989) (where no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law."). It is accordingly

**ORDERED** that the Report of the Magistrate Judge (docket no. 8) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the Plaintiff's application for leave to proceed *in forma pauperis* is **DENIED** and the above-styled civil action is **DISMISSED WITH PREJUDICE** as to the refiling of another *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of this lawsuit without seeking *in forma pauperis* status and upon payment of the statutory filing fee. It is further

**ORDERED** that should the Plaintiff pay the full filing fee within 15 days after the date of entry of final judgment in this case, he shall be allowed to proceed in the lawsuit as through the full fee had been paid from the outset. Because Lee is ineligible to proceed *in forma pauperis*, the full filing fee is $400.00. Payment of the full filing fee will not affect a frivolousness analysis, nor would it eliminate the requirement that Lee satisfy all of the sanctions imposed on him. It is further

**ORDERED** that the Clerk shall send a copy of this Memorandum Opinion to the Administrator of the Three Strikes List for the Eastern District of Texas. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED**.

So **ORDERED** and **SIGNED** this **14** day of **May, 2017.**

_____
Ron Clark, United States District Judge